**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

_____

NOAH BONGARD,

        Plaintiff,                          **COMPLAINT**

v.

                                        **JURY TRIAL DEMANDED**

STELLAR RECOVERY, INC.,

        Defendant.

_____

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Noah Bongard (hereinafter "Plaintiff"), is a natural person residing in the County of Scott, State of Minnesota, and is a "consumer" as that term

is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. 1692k(a).

5. Defendant Stellar Recovery, Inc. (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 1327 Highway 2 West, Suite 100 Kalispell, MT 59901.

## FACTUAL SUMMARY

6. Sometime prior to January 2012 Defendant reported to TransUnion that Plaintiff had incurred a financial obligation that is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an outstanding balance of $325.00 to T-Mobile for telephone service.

7. At no time has Plaintiff held an account with T-Mobile.

8. On January 3, 2012, Plaintiff discovered the alleged debt when he was denied a loan due to adverse information on his credit report.

9. On January 9, 2012, Plaintiff sent Defendant a letter disputing the alleged debt and seeking validation of the debt. Plaintiff stated in this letter "I have no account with T-Mobile, and never had an account with T-Mobile."

10. Plaintiff's letter additionally requested that Defendant cease all collection efforts until the debt has been validated pursuant to 15 U.S.C. 1692g(b).

11. To date, upon information and belief, Plaintiff has not received validation of the debt from Defendant.

12. Upon information and belief, the alleged debt still appears on Plaintiff's credit report.

13. Upon information and belief, Defendant subsequently sent correspondence to Plaintiff's father disclosing specific information about Plaintiff's alleged debt. Plaintiff does not reside with his father.

14. Plaintiff suffered actual damages under the FDCPA in the form of damaged credit as a result of Defendant's conduct.

## Violation of The Fair Debt Collection Practices Act

15. The conduct of Defendant constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(2), 1692c(b), 1692c(c), 1692d, 1692e, and 1692e(2), 1692g(b) amongst others.

## Respondeat Superior Liability

16. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

17. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

18. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

19. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

20. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

21. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE**

**FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

25. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

26. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

27. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

28. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated:  March 29, 2012      MARTINEAU, GONKO & VAVRECK, PLLC

 s/ Mark L. Vavreck              .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com